UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LOUIS W. MARKHAM, | HABEAS CORPUS ACTION |
| PETITIONER, | NO. |
| VS. | |
| STEVEN O'BRIEN<br>SUPT. NCCI<br>GARDNER, MASS. 01440, | AUGUST 27, 2004<br>FRIDAY |
| RESPONDENT. | |

PETITION FOR WRIT OF HABEAS CORPUS
AD SUBJICIENDUM AGAINST FALSE
IMPRISONMENT BY A COURT
WITHOUT JURISDICTION

JURISDICTION:

Jurisdiction of this United States District Court is invoked pursuant to the FEDERAL CONSTITUTION, ARTICLE 1, §9, clause 2; ARTICLE 6, clauses 2 and 3; TITLE 28 USCS §§2241 (in relevant parts), 2254.

INTRODUCTION:

Petitioner, presently a state prisoner since 1993, has been a victim of FRAUD AND FRADULENT CONCEALMENT by the judicial and executive officials of state court proceedings and state prison authorities, all who knew that the petitioner was not legally charged on paper(s) he was presented in the County Superior Court, and the Superior Court acted WITHOUT COMPETENT CRIMINAL JURISDICTION over the person of the petitioner, nor over the subject(s). The BENEFITS OF HABEAS CORPUS IS THE SOLE REMEDY.

# Constitutional Law

JURISDICTION:    HABEAS CORPUS
(Cont.)

Art I, § 9, cl 2

Sec. 9, Cl. 2. Habeas corpus.
The privilege of the writ of habeas corpus <u>shall not be suspended</u>, unless when in cases of rebellion or invasion the public safety may require it.

### RUBY v. UNITED STATES
Cite as 341 F.2d 585 (1965)

<u>The application for the writ usurps the attention and displaces the calendar of the judge or justice who entertains it and receives prompt action from him within the four corners of the application. The ordinary rules of civil procedure are not intended to apply thereto, at least in the initial, emergency attention given as prescribed by statute to the application for the writ.</u>

One who seeks to invoke the extraordinary, summary and emergency remedy of habeas corpus must be content to have his petition or application treated as just that and not something else.

But it should be understood that "habeas corpus" is a generic term that includes many species of that writ. The term encompasses the *writ of habeas corpus ad subjiciendum*, which inquires into the cause of the restraint of the prisoner.

PETITIONER'S GROUNDS FOR
HABEAS CORPUS RELEASE FROM
FALSE IMPRISONMENT

**250**   **HORNE v. WILSON**
Cite as 316 F.Supp. 247 (1970)

**6. Habeas Corpus ⚿45.2(2)**

Inordinate delay in adjudication of an asserted habeas corpus remedy may work such a denial of due process as to become cognizable in federal court.

**7. Constitutional Law ⚿82**

Federal respect for state institutions will not be permitted to shield an invasion of citizen's constitutional rights.

**8. Habeas Corpus ⚿1**

Function of writ of habeas corpus is to provide applicants a prompt remedy.

PETITIONER'S GROUNDS FOR
HABEAS CORPUS RELEASE FROM
FALSE IMPRISONMENT

All that may be inquired into judicially is the sufficiency of the papers and the identity of the prisoner.

Inordinate delay in the adjudication of an asserted habeas corpus remedy may work such a denial of due process as to become cognizable in this Court. *Cf.* Smith v. State of Kansas, C.A. 10th (1966), 356 F.2d 654, 656 [6]. Federal respect for state institutions will not be permitted to shield an invasion of the citizen's constitutional rights. Hunt v. Warden, Maryland Penitentiary, C.A. 4th (1964), 335 F.2d 936, 941[3]. If Mr. Horne's obvious remedy is not effective to protect his rights, a federal

## UNITED STATES EX REL. GEISLER v. WALTERS
### Cite as 510 F.2d 887 (1975)

893 The restraints upon PRISONER's freedom, however, constitute "custody" within the terms of "FALSE IMPRISONMENT"(MGL,c.263,§3.)

We hesitate to repeat the ancient statement that justice delayed is justice denied, but there can be no doubt that such an inordinate delay is an adequate basis for federal habeas corpus relief even though state remedies have been exhausted.

we emphasize that "[i]t is the legal issues that are to be exhausted, not the petitioner." Park v. Thompson, 356 F.Supp. 783, 788 (D.Haw.1973).

HARRIS v. NELSON
\_\_\_\_ U.S. \_\_\_\_

"[H]ABEAS CORPUS CUTS THROUGH ALL FORMS AND GOES TO THE VERY TISSUE OF THE STRUCTURE. IT COMES IN FROM THE OUTSIDE . . . AND ALTHOUGH EVERY FORM MAY HAVE BEEN PRESERVED OPENS THE INQUIRY WHETHER THEY HAVE BEEN MORE THAN AN EMPTY SHELL."

UKAWABUTU v. MORTON
997 F.SUPP.605 (D.N.J.1998)

"HABEAS CORPUS PETITIONER WHO CHALLENGES (THE) LEGALITY OF HIS STATE CUSTODY IS ENTITLED TO RESONABLY PROMPT DISPOSITION OF HIS PETITION."

# MASSACHUSETTS GENERAL LAWS ANNOTATED

## HABEAS CORPUS
LAWS  ajm

### GROUNDS FOR ISSUING THE WRIT OF HABEAS CORPUS

1. The petitioner was arrested in Pittsfied, Massachusetts, on: FEBRUARY 20, 1993.

2. The petitioner was a victim of **FRAUDULENT CONCEALMENT** (Mass.Gen.Law,Chapter 260,§12), where the [o]riginal criminal complaint was executed **WITHOUT THE WAFER-SEAL OF THE DISTRICT COURT AFFIXED AS REQUIRED BY [L]AW:** (Title 28 USCS §1738; Mass. Const. Part The Second, Chap.6, Art.5; Mass.Gen.Law,Chap. 218, §§4,44.).

3. The petitioner claims that it was illegal acts by the clerk of court to allow the **ARRAIGNMENT OF THIS PETITIONER** to take place in the **DISTRICT COURT**.

4. The petitioner claimst that when the indictment(s) were **RETURNED FROM THE GRAND JURY OF BERKSHIRE COUNTY** said indictments **WERE NOT AUTHENTICATED BY AFFIXING THE WAFER-SEAL UPON SAID INDICTMENT(S) AS IS ALSO MANDATORY BY FEDERAL AND STATE STATUTORY LAWS:** (Title 28 USCS §1738; Mass.Const. Part The Second,Ch.6,Art.5; Mass.Gen.Law,Ch.212 §26.).

5.  The petitioner claims that the prosecutor moved the BERKSHIRE COUNTY GRAND JURY to return several [UN]AUTHENTICATED "TRUE BILLS":

ON Feb,25,1993-

NO.93-0124;
NO.93-0125;
NO.93-0127;
NO.93-0710;

[ALL] of the [UN]AUTHENTICATE "TRUE BILLS" were executed WITHOUT THE MANDATORY SEALS OF AUTHENTICATION as statutorily required by:

TITLE 28 USCS §1738;
MASS.CONST.Pt.2nd Ch.6,Art.5;
MASS.GEN.LAW,CH.212,§26;
MASS.RULES CRIM.PROC.RULE 40(a)(1);

6.  The petitioner claims that the TRIAL JUDGE did not have "COMPETENT JURISDICTION" OVER THIS PETITIONER because he was NEVER "LEGALLY" accused/indicted as IS MANDATORY BY STATUTORY LAW MASS.GEN.LAW,CHAP. 263,§9.

7.  The petitioner claims that the JUDICIAL PROCESSES were FATALLY DEFECTIVE when executed WITHOUT THE WAFER SEALS OF THE COURTS AFFIXED UPON [EACH] BERKSHIRE COUNTY JUDICIAL PROCESS, as is MANDATORY LAW invoked by the CONGRESS OF THE UNITED STATES in TITLE 28 USCS §1738, et seq.

CELANESE CORP.OF AMER.v. VANDALIA WAREHSE.CORP.
424 F2d 1176(1970) at 1180

" * * * WITHOUT THE AFFIXATION OF THE
APPROPRIATE GOVERNMENTAL SEAL ...ON THAT
BASIS AND IT WAS ERROR TO HAVE ADMITTED IT."

7



# GENERAL LAWS OF MASSACHUSETTS

8. C. 260

§ 12.   Extension of Time in Case of Fraudulent Concealment.

If a person liable to a personal action <u>fraudulently conceals</u> the cause of such action from the knowledge of the person entitled to bring it, the period prior to the discovery of his cause of action by the person so entitled <u>shall be excluded in determining the time limited for the commencement of the action.</u>

9.
## 2. <u>What constitutes fraudulent concealment</u>

Under Massachusetts law, mere silence can mount to fraudulent concealment of cause of action on part of person who, because of fiduciary position, has duty to disclose. <u>Jamesbury Corp. v Worcester Valve Co.</u> (1971, CA1 Mass) 443 F2d 205, 170 USPQ 177. a-jm

Fraud referred to in this section must be actually accomplished by positive acts done with intention to deceive. <u>Maloney v Brackett</u> (1931) 275 Mass 479, 176 NE 604; <u>Connelly v Bartlett</u> (1934) 286 Mass 311, 190 NE 799.

10.   The petitioner claims that the OFFICERS OF THE BERKSHIRE COUNTY SUPERIOR COURT DEPARTMENT DID <u>FRAUDU-LENTLY CONCEAL</u> the salient facts as enunciated herein-above from PARAGRAPH #1 THRU PARAGRAPH #7, supra. The <u>FRAUD UPON THE COURT was "ACCOMPLISHED"</u> in violation of petitioner's Federal and State Constitutional rights.

11. The petitioner claims that THE GREAT WRIT OF HABEAS CORPUS AD SUBJICIENDUM [IS] AVAILABLE IN HIS FAVOR, THE ISSUE UPON THE PRISON OFFICIALS, WHO ARE INFLICKTING FALSE IMPRISONMENT UPON HIM IN VIOLATION OF THE FEDERAL AND STATE CONSTITUTION, AND IN CONTEMPT OF THE ACTS OF THE UNITED STATES CONGRESS AND THE ACTS OF THE MASS. LEGISLATIVE STATUTORY LAWS.

Dukette v. Perrin, 564 F.Supp. 1530. **1983.**

Habeas corpus relief is available where indictment is so defective as to deprive trial court of jurisdiction.

## CHUA HAN MOW v. UNITED STATES
Cite as 619 F.Supp. 1332 (D.C.Cal. 1985)

If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law ... the court shall vacate and set the

12. The petitioner claims that the JUDGMENTS issued from and by the BERKSHIRE COUNTY SUPERIOR COURT DEPT., are and were "RENDERED WITHOUT JURISDICTION" under the laws, and are WITHOUT ANY LEGAL FORCE OF LAW. They are JUDGMENTS OBTAINED AND PROCURED THROUGH FRAUD UPON THE COURTS.

9

## TRIAL COURT LACK JURISDICTION
## HENCE, VOID JUDGMENT EXIST

13. <u>CITY OF CHICAGO v. CENTRAL NAT.BANK</u>
    479 N.E.2d 1040 (1985)

    <u>PAGE 1044:</u>

    "IN GENERAL (THE COURTS) RECOGNIZES (2) CLASSIFICATIONS OF VOID JUDGMENTS, SUBJECT TO COLLATERAL ATTACK."

    "THERE ARE JUDGMENTS WHICH ARE VOID BECAUSE THE (COURT) LACKED JURISDICTION OVER THE PERSONS OR SUBJECT MATTER . . . AND THERE ARE JUDGMENTS WHICH ARE VOID, BECAUSE THEY ARE PROCURED THROUGH FRAUD."

    <u>PAGE 1045:</u>

    " * * * THE COURT APPLIED THE WELL-SETTLED RULE OF LAW . . . WHICH STATES . . . THAT WHERE THE JUDGMENT IS VOID, A JUDICIAL (ACTION) HELD PURSUANT TO THAT JUDGMENT IS ALSO VOID."

    ---------------------------

14. <u>MISUSE OF POWER</u>, POSSESSED BY VIRTUE OF STATE LAW AND MADE POSSIBLE ONLY BECAUSE THE WRONGDOER IS CLOTHED WITH THE AUTHORITY OF STATE LAW, IS ACTION TAKEN "UNDER COLOR OF STATE LAW".

    THE (LAW) HOLDS THAT ANYONE WHO, UNDER COLOR OF STATE LAW, DEPRIVES ANY PERSON OF HIS OR HER CONSTITUTIONAL RIGHTS, IS MISUSE OF POWER.

**10**

//

## LOWERY v. ESTELLE
### Cite as 696 F.2d 333 (1983)
**337**

*14a.*

*Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982) (requiring complete exhaustion of all claims presented in a state prisoner's proceeding for habeas corpus prior to a federal district court's consideration of the petition).

*[* 14TH AMENDMENT]*

*An absence of jurisdiction in the convicting court is*, as Lowery claims, *a basis for federal habeas corpus relief cognizable under the due process clause.* *Branch v. Estelle*, 631 F.2d 1229, 1233 (5th Cir.1980); *Bueno v. Beto*, 458 F.2d 457, 459 (5th Cir.), cert. denied, 409 U.S. 884, 93 S.Ct. 176, 34 L.Ed.2d 140 (1982); *Murphy v. Beto*, 416 F.2d 98, 100 (5th Cir.1969).

A subsequent order purporting either to reinstate the cause or enter judgment thereon is void *ab initio*, *Garcia* at 528; *Ex Parte Kirby*, 626 S.W.2d 533, 534 (Tex.Cr.App.1981). *The defect cannot be waived*, but can be raised at any point in direct or post-conviction proceedings, *Kirby* at 534; *Ex Parte Cannon*, 546 S.W.2d 266, 267 (Tex.Cr.App.1976); see *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977).

11



15.  In light of the UNDISPUTABLE FACTS, that the petitioner's CRIMINAL COMPLAINT, his "TRUE BILLS" of INDICTMENTS and his WARRANTS OF COMMITMENT, were NEVER AUTHENTICATED WITH THE CLERK OF COURT'S [JURAT] AND THE AFFIXING THE [S]EAL OF THE [C]OURT UPON ALL JUDICIAL PROCESSES.

OFFICIAL OPINIONS
FROM THE
Supreme Judicial Court
of Massachusetts

BREWER v. SIBLEY

54 Mass. 175, 13 Metc. 175:

"DEWEY, J. THE <u>OMISSION TO AFFIX A PROPER SEAL</u> TO A WRIT (or process) ISSUING FROM THIS COURT, IS SUCH ERROR AS <u>WILL ABATE</u> (abort and nullify) THE WRIT (or process) IF THE OBJECTION BE PROPERLY TAKEN. Hall v. Jones. 9 Pick 446."

16.  The petitioner IS NOW, AND AT THIS TIME making his [O]BJECTION against all CHARGING INSTRUMENTS in the case he was prosecuted for, in the COUNTY SUPERIOR COURT, claiming that he is <u>ENTITLED TO THE BENEFITS OF THE WRIT OF HABEAS CORPUS AD SUBJICIENDUM</u> for his immediate discharge from prison.

# IN THE
# SUPREME COURT OF THE UNITED STATES

17.  **SEALS**

Aetna Ins. Co. v Doe ex dem. Hallock (Aetna Ins. Co. v Hallock) 6 Wall 556, **18 L Ed 948**

Any process issuing from a court which by law is required to authenticate such process with its seal <u>is void if issued without a seal</u>.

18. **Commonwealth of Massachusetts**
**SUPERIOR COURT** THE TRIAL COURT DEPARTMENT

I hereby certify that the foregoing is a true copy of the record of the Superior Court Department of the Trial Court, for the Transaction of Criminal Business.

IN TESTIMONY WHEREOF, I hereunto set my hand <u>and affix the seal of said Superior Court</u>, at Boston aforesaid, this twenty-ninth day of June in the year of our Lord one thousand nine hundred and eighty-four.

13

*William R. Walsh*
Assistant Clerk.

/4

COPIES OF VOID "TRUE BILLS"  (*)

COPIES OF VOID "MITTIMUS"   (**)

---

(*) THE CLERK (and) ASSISTANT CLERKS OF COURT, ACTUALLY FAILED TO PRESENT THEIR JURAT AND WAFER-SEAL UPON THE "TRUE BILLS" RENDERED EACH "TRUE BILL" NULL AND VOID: (**) THE "MITTIMUS" (ALSO CALLED A WARRANT OF COMMITMENT, BOTH ARE ARE NULL AND VOID, FOR MISSING THE MANY OBLIGATED/STATUTORY REQUISITES OF AUTHENTICATION [B]EFORE THE EXECUTION OF SUCH PROCESS AGAINST THE [L]IBERTY [F]REEDOM OF THIS PETITIONER.

1. THE SENTENCING JUDGE'S SIGNATURE IS NOT AFFIXED M.G.L.Chapter 262,§§48,49;

2. THE CLERK/ASSISTANT CLERK OF COURT FAILED TO PRESENT THE RIGHT [JURAT] AND (W)AFER-SEALS UPON EACH WARRANT OF COMMITMENT M.G.L.Chapter 212,§26.

3. THE WORD "SEAL" IS NOT A SUBSTITUTE OF ANY LEGAL FORCE OR IN OBEDIENCE WITH THE FEDERAL AND STATE LAWS 28 USCS §1738.

**14**

# The Commonwealth of Massachusetts

---o---

**BERKSHIRE, SS.**

*At the Superior Court holden at Pittsfield, within and for the County of Berkshire, for the transaction of criminal business, on the* fourth Wednesday of February *in the year of our Lord one thousand nine hundred and* ninety-three

**THE JURORS FOR SAID COMMONWEALTH ON THEIR OATH PRESENT, THAT**

LOUIS W. MARKHAM

whose other or true name, if any, is to the jurors aforesaid unknown, of Sheffield in the County of Berkshire aforesaid, on or about the twentieth day of February in the year of our Lord one thousand nine hundred and ninety-three at Great Barrington aforesaid, in the County of Berkshire aforesaid,

~~DID ASSAULT GERTRUDE MARKHAM WITH INTENT TO COMMIT RAPE UPON HER.~~

A TRUE BILL.

*[signature] M. Kendall*
Assistant District Attorney for the Berkshire District

Foreman *[signature]*
Pro Tem

15

# The Commonwealth of Massachusetts

BERKSHIRE, SS.

At the Superior Court holden at Pittsfield, within and for the County of Berkshire, for the transaction of criminal business, on the fourth Wednesday day of February in the year of our Lord one thousand nine hundred and ninety-three

THE JURORS FOR SAID COMMONWEALTH ON THEIR OATH PRESENT, THAT

LOUIS W. MARKHAM

whose other or true name, if any, is to the jurors aforesaid unknown, of Sheffield in the County of Berkshire aforesaid, on or about the twentieth day of February in the year of our Lord one thousand nine hundred and ninety-three at Great Barrington aforesaid, in the County of Berkshire aforesaid,

~~DID ASSAULT AND BEAT GERTRUDE MARKHAM.~~

A TRUE BILL.

*/s/ [signature] M. Kendall*
Assistant District Attorney for the Berkshire District

Foreman */s/ [signature]*
Pro Tem

16

# The Commonwealth of Massachusetts

No. 930124

-seal-
BERKSHIRE, SS.

To the Sheriff of our County of Berkshire, his Deputies, and to the Superintendent of the Massachusetts Correctional Institution, Cedar Junction, in the County of Norfolk,     GREETING:

WHEREAS, by the consideration of our Superior Court, holden at Pittsfield, within and for the County of Berkshire, on the **fourth** wednesday day of ~~xxxxxx~~ **February** in the year of our Lord one thousand nine hundred and **ninety-three**

**LOUIS W. MARKHAM**

now in the custody of the Sheriff of our said County of Berkshire, convicted of the crime of ~~ASSAULT WITH INTENT TO COMMIT RAPE (SECOND OFFENSE)~~ (Ch. 265, sec. 24)

was, on the **17th** day of **February** in the year of our Lord one thousand nine hundred and **ninety-four**, sentenced to be confined in said Massachusetts Correctional Institution, Cedar Junction, for a term of not more than **twenty (20)** years and a term of not less than **fifteen (15)** years, with credit of **361** days for time spent in confinement awaiting trial disposition, victim/witness fee waived,

(Spina, J).

and was ordered to stand committed in pursuance of said sentence:

WE, THEREFORE, COMMAND YOU, the said Sheriff and Deputies, to remove the said **Louis W. Markham** from our jail in Pittsfield, in the said County of Berkshire to the said Massachusetts Correctional Institution, Cedar Junction, in the said County of Norfolk and him safely deliver to the Superintendent thereof. And we also command you, the said Superintendent, to receive the said **Louis W. Markham** and immediately thereon to cause him to be confined in said Massachusetts Correctional Institution, Cedar Junction, for a term of not more than **twenty (20)** years and a term of not less than **fifteen (15)** years.

And for so doing, this shall be your warrant. And you are to make return of this warrant, with your doings thereon, to the office of the clerk of our Superior Court in Pittsfield, as soon as may be.

WITNESS, **JOHN J. IRWIN, JR.**, Esquire, Chief Justice of said Superior Court, at Pittsfield, this **17th** day of **February** in the year of our Lord one thousand nine hundred and **ninety-four**

A true copy.
Attest: _____
Deputy Sheriff

Deborah S. Capeless   Clerk.

17

18

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.


L.S.

To the Commissioner of Correction and the Officers of that Department and the Superintendent of the Massachusetts Correctional Institution Cedar Junction, at Walpole in the County of Norfolk, in said Commonwealth.

GREETING

Whereas, by the consideration of the Superior Court Department of the Trial Court holden at Pittsfield, within and for the County of Berkshire for the transaction of Criminal Business on the seventeenth day of February, in the year of Our Lord one thousand nine hundred and ninety-four,

LOUIS W. MARKHAM

was convicted of the crime of

~~Assault with Intent to Rape — Second Offense (265/24)~~

and was sentenced to be confined in the Massachusetts Correctional Institution, Cedar Junction for a term of not more than twenty (20) years and not less than fifteen (15) years, and the Court ordered that the defendant be deemed to have served three hundred and sixty-one (361) days of said sentence.

And whereas after an appeal from said sentence, the Appellate Division of the Superior Court Department of the Trial Court ordered the judgment amended by substituting for said sentence, a sentence to said Correctional Institution for and during the term of his natural life.

Said Appellate Division further ordered that the defendant be deemed to have served three hundred and sixty-one (361) days of said substituted sentence, and that said sentence to be computed from the date of the imposition of the sentence from which said appeal was taken, and whereas the said defendant was resentenced on the tenth day of May in the year of Our Lord one thousand nine hundred and ninety-four.

We, therefore, command you, the said Officers of that Department to remove the said defendant to said Correctional Institution, at Walpole, in said County of Norfolk, and we command you, the Superintendent thereof, to receive the said defendant and immediately thereon to cause the said defendant be confined therein for and during the term of his natural life, said sentence to be computed from the date of commencement of the execution of the sentence from which said appeal was taken.

And for so doing this shall be your warrant; and you the said Officers are to make return of this warrant with your doings thereon to the Office of the Clerk of said Court in Boston as soon as may be.

Witness, John J. Irwin, Jr., Chief Justice of said Superior Court, at Norfolk, this tenth day of May, in the year of Our Lord one thousand nine hundred and ninety-four.

A True Copy;
Attest:

Assistant Clerk

/S/ Robert J. Shone
Assistant Clerk of the Appellate Division
of the Superior Court Department
of the Trial Court

18

ILLUSTRATION ON [KEY] ELEMENTS
FOR AUTHENTICATION OF INDICTMENT(S)
REQUIRED BY LAW BEFORE COMPETENT JURISDICTION
CAN BE ESTABLISHED UPON THE TRIAL COURT PROCEEDINGS

PROCEEDINGS IN CRIMINAL CASES

MASS.GEN.LAW, CHAPTER 277

#26

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                                              At the SUPERIOR
COURT DEPARTMENT of the TRIAL COURT, begun and holden at the
City of Boston, within and for the County of Suffolk, for the
transaction of criminal business, on the first Monday of
▓▓▓▓▓▓▓, in the year of our Lord one thousand nine hundred
and eighty-▓▓▓▓▓▓.

THE JURORS for the COMMONWEALTH OF MASSACHUSETTS on their oath
present that

▓▓▓▓▓▓▓▓▓▓▓▓▓▓

on ▓▓▓▓▓▓ ▓▓, 198▓, not being authorized by Chapter 94C of
the General Laws of Massachusetts, did unlawfully, knowingly
and intentionally possess with intent to distribute a certain
controlled substance, to wit: heroin, a Class A controlled
substance under the provisions of Section 3% of said Chapter
94C.                              A BILL.

_____          _____
Assistant District Attorney.      Foreman of the Grand Jury.
05▓▓▓/86▓▓▓                                                2.                              1.

I hereby certify that the foregoing is a true copy of
the record of the Superior Court Department of the Trial Court,
for the Transaction of Criminal Business.

IN TESTIMONY THEREOF, I hereunto set my hand and affix
the seal of said Superior Court, at
Boston aforesaid, this ▓▓▓▓▓▓▓
day of ▓▓▓▓▓▓▓▓ in the
year of our Lord one thousand nine
hundred and eighty-▓▓▓▓▓

                                    _____
                                    Assistant Clerk.           3.

4.

THE (GOLDEN) WAFER
SEAL AFFIXED BY THE
CLERK OF COURT (THE KEEPER OF THE SEAL OF THE COURT)



The Seal
OF
AUTHENTICATION
Mandatory Author

CONSTITUTION
OF MASSACHUSETTS

[ENDORSEMENTS THERE

"A TRUE BILL"
SIGNED BY
FOREPERSON
OF GRAND
JURY
&
PROSECUTOR

M.G.L.Ch.212 §26.

THE REQUIRED
[J]URAT
BY THE CLERK
OF SUPERIOR
COURT