UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS

LOUIS W. MARKHAM,                )
                                 )
            Petitioner,          )
                                 )
     v.                          )   C.A. No. 04-40180-FDS
                                 )
STEVEN O'BRIEN, SUPERINTENDENT,  )
                                 )
            Respondent.          )


                         MEMORANDUM AND ORDER

     On September 3, 2004, petitioner submitted for filing a pro se petition for writ of habeas corpus. For the reasons set forth below, the petition is summarily dismissed without prejudice.

                              BACKGROUND

     Petitioner, an inmate at NCCI Gardner, submitted for filing his self-prepared pleading titled "Petition for Writ of Habeas Corpus Ad Subjiciendum Against False Imprisonment by a Court Without Jurisdiction." See Petition. Petitioner seeks immediate release and brings his claims under the federal constitution and 28 U.S.C. §§ 2241, 2254. Id. The petition is accompanied by several exhibits including copies of various documents that were issued in petitioner's state criminal proceedings. See Exhibits.

     Petitioner alleges that he has been incarcerated since his arrest in 1993. See Petition, p. 1. Petitioner complains that his incarceration violates numerous state and federal statutes because (1) the original criminal complaint lacked the wafer seal

                                    1

of the court; (2) he was arraigned in District Court; (3) the indictments which charged him were not properly authenticated with the court's wafer seal; (4) the "true bills" returned by the grand jury lacked proper authentication; (5) the trial court lacked competent jurisdiction to render judgment because of the allegedly defective indictment; (6) the judicial process was executed without the court's wafer seal; and (7) the warrant of commitment lacked the personal signature of a judge and the wafer seal of the court. Id. at pp. 6-7, 14. Plaintiff further complains that the court officers fraudulently concealed the alleged violations of state and federal law. Id. at p. 9.

## DISCUSSION

I. Filing Fee

A party filing a habeas corpus petition must either (1) pay the $5 filing fee for habeas corpus actions or (2) file an application to proceed without prepayment of fees. See 28 U.S.C. § 1914(a) (fees); § 1915 (proceedings in forma pauperis). Although petitioner submitted a receipt indicating that he requested that prison authorities pay the $5.00 filing fee from his prison account, the Court has not received payment of the filing fee for this action. Because the petition is subject to summary dismissal, see infra., ¶ II, petitioner will not be granted additional time to pay the filing fee or file an application to waive the filing fee.

II.  <u>Habeas Petition</u>

A.  <u>Standard of Review</u>

Under Rule 4(b) of the Rules Governing Section 2254 Proceedings (which also apply to Section 2241 petitions)[1], the Court is required to examine a petition, and if it "plainly appears from the face of the motion. . . that the movant is not entitled to relief in the district court," the Court "shall make an order for its summary dismissal."  Rule 4(b); <u>McFarland v. Scott</u>, 512 U.S. 849, 856 (1994) (habeas petition may be dismissed if it appears to be legally insufficient on its face).  A petition for a writ of habeas corpus may also be summarily dismissed if it fails to set forth facts that give rise to a cause of action under federal law.  28 U.S.C. § 2243; <u>Marmol v. Dubois</u>, 885 F. Supp. 444, 446 (D. Mass. 1994).

Brevis disposition is appropriate if the petition and submitted materials make plain that the petitioner suffered no harm that is remediable under federal law.  <u>Mahoney v. Vondergritt</u>, 938 F.2d 1490, 1494 (1st Cir. 1991), <u>cert. denied</u>, 502 U.S. 1104, 112 S. Ct. 1195, 117 L. Ed. 2d 436 (1992) (footnote omitted).  The liberal concept of notice pleading has been rejected in the context of habeas corpus petitions, for the petition is expected to state facts that point to a "real

---

[1] <u>See</u> Rule 1(b) of the Rules Governing Section 2254 Cases; <u>Perez v. Hemingway</u>, 157 F. Supp. 2d 790, 795 (E.D. Mich. 2001).

possibility of constitutional error." Aubut v. State of Maine, 431 F. 2d 688, 689 (1st Cir. 1970), cited in Advisory Committee's Note to Rule 4, Rules Governing Habeas Corpus Cases, 28 U.S.C. § 2254 foll. (1976); Blackledge v. Allison, 431 U.S. 63, 75 n. 7, 97 S. Ct. 1621, 1629-30 n. 7, 52 L. Ed. 2d 136 (1977).

B.   The Petition is Subject to Summary Dismissal

The instant petition fails to state any viable claims that petitioner is in custody in violation of the United States Constitution. Petitioner has failed to point to a particular constitutional provision that he contends is violated and provides no discussion of how the alleged facts might violate any federal constitutional right, as opposed to state law.[2] The facts alleged by petitioner are not sufficient to state a claim for violation of the federal constitution. See Mosley v. Moran, 798 F.2d 182, 185 (7th Cir. 1985) ("only violations of federal statutory or constitutional law can be the basis for granting federal habeas relief").

Moreover, an application for a writ of habeas corpus may not be granted unless the applicant has exhausted the remedies available in the courts of the State. See 28 U.S.C. §

---

[2] Petitioner has no federal constitutional right to have state courts abide by state law. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) (federal habeas relief unavailable for violations of state law or for alleged error in the interpretation or application of state law).

4

2254(b)(1)(A). To meet this requirement, petitioner must demonstrate that he offered his federal claims to the state court in such a way "as to make it probable that a reasonable jurist would have been alerted to the existence of the federal question." See Adelson v. Dipaola, 131 F.3d 259, 262 (1st Cir. 1997) (quoting Scarpa v. DuBois, 38 F.3d, 1, 6 (1st Cir.1994)). Here, petitioner has not alleged that he has exhausted his available state remedies, and his petition is thus subject to dismissal. See Allicon v. Spencer, 29 F. Supp. 2d 45, 49 (D. Mass. 1998).

## ORDER

For the foregoing reasons, it is hereby ORDERED

1. The petition for writ of habeas corpus is summarily dismissed without prejudice. See Rule 4, Rules Governing Section 2254 Cases, 28 U.S.C. foll. § 2254.

SO ORDERED.

Dated at Worcester, Massachusetts, this 6th day of October, 2004.

_____
F. DENNIS SAYLOR IV
UNITED STATES DISTRICT JUDGE